C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
REGINA LEWIS,

                      Petitioner,

    - against -

NASSAU COUNTY ASSIST JOSEP GIM,

                      Respondent.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

22-cv-1736 (BMC)

**COGAN**, District Judge.

    Petitioner, a serial litigant in this and other courts, seeks habeas corpus relief under 28 U.S.C. § 2254 from her on-going criminal prosecution in the Supreme Court, Nassau County. She is presently in custody and pre-trial proceedings. Her indictment is for stalking, aggravated harassment as a hate crime, and related crimes against an Assistant District Attorney for Queens County. She asserts that: (1) the State is prosecuting her in bad faith; (2) the statute under which she was indicted is unconstitutional; (3) the state court is biased against her; (4) her assigned attorney has a conflict of interest because he is a potential witness; (5) her assigned attorney is ineffective; (6) her previously assigned attorney was ineffective; and (7) there was no probable cause for her arrest and the warrant allowing her arrest and search were defective.

    Construing her petition as arising under 28 U.S.C. § 2241 (since she is not in custody pursuant to a conviction and sentence of a state court), her petition must still be denied for failure to exhaust and under principles of abstention. See United States v. Scranton, 532 F.2d 292 (2d Cir. 1976); Allen v. Maribal, No. 11-cv-2638, 2011 WL 3162675 (E.D.N.Y. July 25, 2011).

Petitioner has taken no steps to exhaust any of her claims in state court, except her attorney has filed a motion to suppress, which has not been decided.  This Court is not going to interfere with ongoing state court criminal proceedings since, if petitioner is convicted, she will, after exhaustion, have the ability to raise these same claims under 28 U.S.C. § 2254.

Respondent's motion to dismiss is therefore granted and the petition is dismissed.  As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
        November 23, 2022